McFarland, J.,
delivered the opinion of the court.
Magiveny brought five suits before a justice of the peace, upon five several notes, of which the following is a specimen:
'£i$400. Memphis, Sept. 29, 1866.
Eight months after date, the Tennessee Petroleum Engine Stove and Gas-light Company promises to pay Eugene Magiveny, or order, four hundred dollars, for rent of store No. 350, Main street.
Beñ May, J. E. Merriman,
Sec. and Treas. Pres’t T. P. E. St. & G. L. Co.”
The other notes are similar, except as to the time of payment.
*495 It appears that the store-house was rented for one year for $5,000, $600 of which were paid, and for tbe balance eleven notes were given, each similar to the above, payable monthly.
The suits were upon the last five of the notes.
Three of the suits were brought against the Tennessee Petroleum Engine Stove and Gas-light Company, J. E. Merriman, and' Ben May. The other two were against only the two individuals. In the first three, the judgment before the justice was against the corporation and the individuals; in the last two, against the two individuals only.
The- corporation did not appeal; but Merriman and May appealed in all the cases.
These were tried together, by consent, in the law court, and judgment was rendered against Merriman and May, from which they have appealed.
This judgment was upon the ground that the supposed corporation had not been organized according to law.
It purported to be a corporation for manufacturing purposes, organized under the provisions of the Code beginning with section 1447. ■
The memorandum required was made and signed on the 26th of September, 1866,* and the corporation was organized by the election of officers; but, as the plaintiff averred, the memorandum was not acknowledged for registration until the 8th of October, and it was not registered as required, though a certified copy was sent to the office of the Secretary of State, as required by seclion 1450.
*496 The judge instructed the jury that if a party enters into a contract as an agent, he must represent and bind some principal, or he will make himself personally liable on the contract.
That the jury should look to the evidence, and ascertain therefrom whether in the organization of the Tennessee Petroleum Engine Stove and Gas-lig-ht Company the requirements of the law were complied with; and that, if not, the defendants were personally liable upon the notes sued on.
That if the jury believed from the evidence that the organization of the company took place before the acknowledgment and registration of the articles of association, then the stockholders were the mere promoters of a corporation, and were individually liable for the contracts of the company.
It appeared in proof that, upon the execution of the notes, Magiveny executed a written lease of the premises for one year to the corporation by name, and that the company took possession and used the property, and claimed to act as a corporation.
It is very clear that these notes are in the proper and appropriate form to bind the corporation, if there was one, and to exclude the expression of any purpose of binding thp individuals who acted as the president and secretary.. Angel & Ames on Corporations, sec. 293.
The argument is, that if there was no corporation it was a mere partnership, and the individuals should be bound.
But the question is, — How far, in a proceeding of *497 this sort, can the court go to inquire into the validity of the supposed charter?
The general principle is, that where there is a corporation de facto, the legality or validity of its charter is a question for the State under whose authority it claims to act, to be raised by a quo war-ranto, or similar proceeding, but which cannot ordinarily be made in a collateral proceeding.
It would seem that the plaintiff, Magiveny, dealt with the body as a corporation, by executing to it the lease in question, and accepting its notes, both of which acts clearly assumed the existence of a corporation.
In the case of The Methodist Episcopal Union Church v. Picket, 19 New York, 482, it was said that -it has been repeatedly held that, as against all persons who have entered into contracts with bodies assuming to act in a corporate capacity, it is sufficient for such bodies to show themselves to be corporations de facto.
This and other authorities show that if, in such case, the body be shown to be a corporation de facto, in a proceeding between it and an individual who has dealt with it, irregularities in its organization which might give the State the right to proceed by quo warranto, or other similar proceeding, to have the charter declared void, cannot - be taken advantage of.
The question, then, is, What proof is sufficient to establish that the body is a corporation c?e facto f
Upon this question, in the case already cited, it was held that it is sufficient to show the existence of a law authorizing the formation of the company, *498 and proceedings taken for that purpose in professed •compliance with the law, and acts of subsequent user.
As to what shall be sufficient proof oc subsequent ■user, it was said that if the law exist, and the record show a bona fide attempt to organize under it, very •slight evidence of user, beyond this, is all that can be required.
The same was held, also, in the case of The Buffalo & Allegheny Railroad Company v. Cary, 26 New York, 75.
We have been furnished with extracts from numer•ous other authorities sustaining this view, but 'we have not had access to the books.
We are satisfied, however, that this doctrine is founded upon sound principle.
It follows from this, that the Circuit Judge erred in his instructions to the jury. He placed the case ■upon entirely erroneous grounds.
The judgment is reversed.